**Idajet CANIA, Bjanka Cania, Egi Cania, Kes Cania, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–1691–AG.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

---

Glenn T. Terk, Wethersfield, CT, for Petitioners.

Daniel G. Bogden, United States Attorney, District of Nevada, Robert L. Ellman, Appellate Chief, United States Attorney's Office, Las Vegas, NV, for Respondent.

Present: JOHN M. WALKER, JR., JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Idajet Cania, Bjanka Cania, Egi Cania, and Kes Cania, natives and citizens of Albania, seek review of a March 17, 2006 order of the BIA affirming the November 2, 2004 decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying the petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Idajet Cania, et al.,* Nos. A 96 241 802, A 93 348 618, A 98 348 619, A 98 348 620 (B.I.A. Mar. 17, 2006), *af'g* Nos. A 96 241 802, A 93 348 618, A 98 348 619, A 98 348 620 (Immig.Ct.Hartford, Conn. Nov. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ stated that "after carefully observing the respondent's demeanor," he found Idajet "to be an evasive ... [and] non-responsive witness," who "paused for significant periods of time in portions of his testimony that were not complicated." This Court is required to give this demeanor finding particular deference. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also properly noted that Idajet failed to testify to his assertion to the asylum officer that he had been arrested and detained for five hours in July 2002. Although the summary of the asylum interview in this case did not list the specific

questions asked or record the interview verbatim, nothing in the summary suggested that it was not meaningful, clear, or reliable. The IJ, therefore, properly relied on Idajet's omission in this regard.

Furthermore, IJ D'Angelo's determination that it was "implausible" that "as an election monitor for the extremely small and insignificant Conservative Party, he drew intense attention from the Socialist Party," was also proper. The IJ based his determination on the background reports, which provided "no indication that the former communists ... sought retribution against opponents of the communist regime," and which stated that "parliamentary elections in 2001 were generally peaceful," "municipal elections in October of 2003 ... were also generally free of violence," and "there ha[d] not been a pattern of [acts of violence against election participants] in the post 1997 period." Although the language of background reports do not preclude the possibility that Idajet suffered from atypical incidents of persecution by the Socialist Party, the IJ correctly noted that the reports indicate that any persecution Idajet may have suffered would have been particularly rare.

Moreover, aside from a newspaper article that Idajet's attorney could not authenticate to any reasonable extent, Idajet failed to submit any background information indicating that the Conservative Party in Albania had ever been persecuted by the Socialist Party. This lack of corroboration goes to the heart of Idajet's claim that he was persecuted in Albania due to his membership in the Conservative Party and, therefore, the IJ properly relied on Idajet's failure to corroborate this aspect of his testimony in finding that Idajet lacked credibility.

Because of both the evidence supporting the IJ's adverse credibility determination and the particular deference given to an IJ's demeanor finding, this Court can state with confidence that, despite any flaws in the IJ's reasoning, Idajet's asylum claim would be denied on remand. *See Cao He Lin,* 428 F.3d at 395 (despite adjudicatory errors, we will deny the petition for review when there is no realistic possibility of a different result on remand). Furthermore, because the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Finally, due to the problems in Idajet's testimony and the lack of corroborating evidence establishing that members of the Conservative Party are persecuted by Socialist Party members, substantial evidence supports the IJ's determination that there was "no independent evidence indicating that mere membership in the Conservative Party would result in harm or torture at the hands of the ruling party in Albania." The IJ, therefore, properly denied the Canias' CAT claim.

Accordingly, the Canias' petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).